UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2015 NOV 18 A 8:57

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| PORT NIANTIC, INC.,<br>Plaintiff, | : | |
| v. | : | CIVIL NO: 3:15-CV-1581 (AVC) |
| MAREK SZYCHOWSKI,<br>In Personam,<br>Defendants | : | |
| and | : | IN ADMIRALTY |
| M/V "CLASSY LADY", O.N.: 1151280, her engines, rigging, equipment and appurtenances, etc.<br>In Rem | : | |

**ORDER APPOINTING SUBSTITUTE CUSTODIAN**

Plaintiff, PORT NIANTIC, INC., by and through its attorneys, having appeared and made the following recitals:

1. The Complaint herein was filed with this court praying that the M/V "CLASSY LADY", O.N.: 1151280, H.I.N.: CAR35060H304, its engines, rigging, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. The Clerk of this Court has issued a Warrant for Arrest of Vessel commanding the United States Marshal for this District, or such other person as may have been specially

appointed by this Court to serve process and arrest said vessel, to arrest and take into custody the Defendant vessel and to detain the same in its custody until further Order of this Court respecting same.

3. It is contemplated that a U.S. Marshal or a specially appointed person will seize the Defendant vessel forthwith. Such custody may require the services of one or more keepers, charges for custodial storage and other services usually associated with safekeeping vessels similar to the Defendant vessel.

4. PORT NIANTIC, INC., a marina facility in Niantic, Connecticut, has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as its custodian until further Order of this Court, for a sum, including storage charges plus additional routine services required for the safekeeping of the particular vessel, at a rate of $50.00 per day and $105.00 per hour for any caretaker time, labor, or related services as required. The United States Marshal or such other specially appointed person is unable to perform or to have performed at a comparable rate these same services.

5. SCOTT BOWDEN, General Manager of PORT NIANTIC, INC., by affidavit avers that PORT NIANTIC, INC. has adequate facilities and supervision for continued proper safekeeping

of the vessel and that it possesses insurance and/or substance adequate to respond for damage sustained by third parties due to any acts, faults, or negligence by said substitute custodian. Further, in said affidavit, the substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant vessel, her engine, rigging, masts, spars, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

6. Plaintiff, in consideration of the consent of the substitution of custody, agrees to release the United States, the United States Marshal or any person specially appointed to make service of process, arrest and attachment of said Defendant vessel from any and all liability and responsibility arising out of care and custody of the Defendant vessel, its engines, rigging, masts, spars, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, from the time the Marshal or special person to serve process transfers possession of said vessel over to said substitute custodian, and said plaintiff further agrees to hold harmless and indemnify the United States, the United States Marshal or the special person appointed for service from

any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

THEREFORE, IT IS HEREBY ORDERED that the United States Marshal for the District of Connecticut, or such other special person appointed to serve process, be, and he is hereby authorized and directed, upon his seizure of said Defendant vessel, its engines, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, pursuant to said Warrant for Arrest to surrender the possession thereof to the substitute custodian named herein, and that upon such surrender, said Marshal or special person shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising whatever out of said substitute possession and safekeeping.

IT IS FURTHER ORDERED THAT PORT NIANITIC, INC. is hereby, appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further order of this Court.

IT IS FURTHER ORDERED that all expenses for the safekeeping of Defendant vessel shall be deemed administrative expenses of the Marshal, or special person appointed to serve process, and/or the substitute custodian and allowed as *custodial legis* expenses recoverable by the Plaintiff in this action.

IT IS FURTHER ORDERED that Plaintiff's attorney will serve a copy of said order on the owner of Defendant vessel and the In Personam Defendant in this action.

So ordered this 17th day of November, 2015 at Hartford, Connecticut.

/s/ Judge Alfred V. Covello

Alfred V. Covello
United States District Judge